**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**RAJU NEAPOLLIOUN**                                              **PLAINTIFF**

**V.**                                        **CIVIL ACTION NO. 2:26-cv-00081-TBM-RPM**

**FORREST COUNTY, MISSISSIPPI;
KELBY LEWIS; OMEN MOORE**                                **DEFENDANTS**

**FORREST COUNTY, MISSISSIPPI'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Forrest County, Mississippi ("Forrest County")[1], by and through counsel, submits

its Answer and Affirmative Defenses to Plaintiff's Complaint as follows:

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim upon which any relief may be granted

and, therefore, pursuant to Fed. R. Civ. P. 12(b)(6), the same should be dismissed.

**SECOND DEFENSE**

Plaintiff's Complaint fails to state facts against Forrest County which would rise

to the level of a constitutional or statutory deprivation under the laws of the United

States, the Constitution of the United States, the laws of Mississippi, or the Constitution

of Mississippi.

---

[1] Plaintiff's Complaint names Kelby Lewis and Omen Moore as defendants "in their official and individual capacities[.]" Compl., ¶ 15, Dkt. No. 1. It is well settled that claims asserted against government employees in their official capacities are simply claims against the entity that employs them. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Accordingly, any claims against Kelby Lewis and Omen Moore in their official capacities are actually and properly asserted against Forrest County.

### THIRD DEFENSE

Forrest County specifically asserts and invokes all the privileges available to it as set forth in Fed. R. Civ. P. 12(b)(1) through 12(b)(7) for which a good faith legal and/or factual basis exists or may exist.

### FOURTH DEFENSE

Insofar as any state law claims are concerned, Forrest County invokes each and every privilege, immunity, restriction and/or limitation of the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1, *et seq.*, including but not limited to, the provisions outlined in Sections 11-46-3, 11-46-5, 11-46-7, 11-46-9, 11-46-11, 11-46-13 and 11-46-15.

### FIFTH DEFENSE

Forrest County denies it has been guilty of any actionable conduct.

### SIXTH DEFENSE

### ADMISSIONS AND DENIALS

And now, without waiving any defenses heretofore or hereinafter set forth, Forrest County responds to Plaintiff's Complaint, paragraph by paragraph, as follows:

### COMPLAINT

The opening, unnumbered paragraph of Plaintiff's Complaint is prefatory in nature and, as such, no response is necessary. To the extent a response is deemed necessary, Forrest County denies each and every allegation contained therein, as stated.

### I.    JURISDICTION AND VENUE

1.    Without waiving any immunities, defenses, or limitations, Forrest County admits this Court has jurisdiction over claims asserting violations of federal law and the

U.S. Constitution, including those brought pursuant to 42 U.S.C. § 1983. Forrest County denies the remaining allegations of paragraph 1, as stated.

2.      Without waiving any immunities, defenses, or limitations, Forrest County admits venue is proper. Forrest County denies the remaining allegations of paragraph 2, as stated.

## II.    PARTIES

### A.  Plaintiff

3.      Forrest County lacks information sufficient to make a determination as to the truth of the allegations of paragraph 3 and, as such, denies the same.

### B.  Defendants

4.      Forrest County admits it is a political subdivision of the State of Mississippi and may be served with process pursuant to Rule 4 of the Federal Rules of Civil Procedure and, to the extent applicable, the Mississippi Tort Claims Act (MTCA), Miss. Code Ann. § 11-46-1, *et seq*. Forrest County denies the remaining allegations of paragraph 4, as stated.

5.      Forrest County admits the Forrest County Sheriff's Department is a law enforcement agency of the County. Forrest County denies the remaining allegations of paragraph 5, as stated.

6.      Forrest County admits the Forrest County Sheriff's Department implements and maintains policies regarding the Forrest County Adult Detention Center. Forrest County denies the remaining allegations of paragraph 6, as stated.

7.      Forrest County denies the allegations of paragraph 7.

8.      Forrest County admits it employed Kelby Lewis and Omen Moore during some portion of the events alleged. Forrest County denies the remaining allegations of paragraph 8, as stated.

9.      Forrest County admits it employed Kelby Lewis during some portion of the events alleged. Forrest County denies the remaining allegations of paragraph 9, as stated.

10.     Forrest County admits it employed Omen Moore during some portion of the events alleged. Forrest County denies the remaining allegations of paragraph 10, as stated.

11.     Forrest County admits it employed Omen Moore during some portion of the events alleged. Forrest County denies the remaining allegations of paragraph 11, as stated.

12.     Forrest County admits a chain of command exists at the Forrest County Adult Detention Center. Forrest County denies the remaining allegations of paragraph 12, as stated.

13.     Forrest County denies the allegations of paragraph 13, as stated.

14.     Forrest County lacks information sufficient to make a determination as to the truth of the allegations of paragraph 14 and, as such, denies the same.

15.     Forrest County denies the allegations of paragraph 15, as stated, and affirmatively avers Plaintiff is not entitled to any relief whatsoever.

### III.   <u>STATEMENT OF FACTS</u>

16.    Forrest County repeats and incorporates by reference each and every defense, admission, and denial to paragraph 1-15 as if the same were specifically set out herein.

17.    Forrest County denies the allegations of paragraph 17, as stated.

18.    Forrest County admits it employed Kelby Lewis during some portion of the events alleged. Forrest County denies the remaining allegations of paragraph 18, as stated.

19.    Forrest County admits it employed Omen Moore during some portion of the events alleged. Forrest County denies that Moore acted in a supervisory role over Lewis or possessed supervisory authority as alleged and denies the remaining allegations of paragraph 19, including subparagraphs a through d.

20.    Forrest County admits the allegations of paragraph 20.

21.    Forrest County lacks information sufficient to make a determination as to the truth of the allegations of paragraph 21 and, as such, denies the same.

22.    The allegations of paragraph 22, including subparagraph a, concern defendants other than Forrest County and, as such, no response is necessary. To the extent a response is deemed necessary, Forrest County denies the allegations of paragraph 22, including subparagraph a, as stated.

23.    The allegations of paragraph 23 concern a defendant other than Forrest County and, as such, no response is necessary. To the extent a response is deemed necessary, Forrest County denies the allegations of paragraph 23, as stated.

24.     Forrest County denies the allegations of paragraph 24, as stated.

25.     Forrest County denies the allegations of paragraph 25, as stated.

26.     The allegations of paragraph 26 concern a defendant other than Forrest County and, as such, no response is necessary. To the extent a response is deemed necessary, Forrest County admits Lewis struck Plaintiff. Forrest County denies the remaining allegations of paragraph 26, as stated.

27.     Forrest County admits Plaintiff fell. Forrest County denies the remaining allegations of paragraph 27, as stated.

28.     The allegations of paragraph 28 concern a defendant other than Forrest County and, as such, no response is necessary. To the extent a response is deemed necessary, Forrest County denies the allegations of paragraph 28, as stated.

29.     Forrest County lacks information sufficient to make a determination as to the truth of the matter asserted and, as such, denies the same.

30.     The allegations of paragraph 30 concern a defendant other than Forrest County and, as such, no response is necessary. To the extent a response is deemed necessary, Forrest County denies the allegations of paragraph 30, as stated.

31.     The allegations of paragraph 31 concern a defendant other than Forrest County and, as such, no response is necessary. To the extent a response is deemed necessary, Forrest County admits Plaintiff was handcuffed. Forrest County denies the remaining allegations of paragraph 31, as stated.

32.    The allegations of paragraph 32 concern a defendant other than Forrest County and, as such, no response is necessary. To the extent a response is deemed necessary, Forrest County denies the allegations of paragraph 32, as stated.

33.    The allegations of paragraph 33 concern defendants other than Forrest County and, as such, no response is necessary. To the extent a response is deemed necessary, Forrest County denies the allegations of paragraph 33, as stated.

34.    The allegations of paragraph 34 concern defendants other than Forrest County and, as such, no response is necessary. To the extent a response is deemed necessary, Forrest County denies the allegations of paragraph 34, as stated.

35.    Forrest County denies the allegations of paragraph 35, as stated.

36.    Forrest County denies the allegations of paragraph 36, as stated.

37.    The allegations of paragraph 37 concern a defendant other than Forrest County and, as such, no response is necessary. To the extent a response is deemed necessary, Forrest County denies the allegations of paragraph 37, as stated.

38.    Forrest County denies the allegations of paragraph 38, as stated.

39.    Forrest County lacks information sufficient to make a determination as to the truth of the matter asserted and, as such, denies the same.

40.    Forrest County lacks information sufficient to make a determination as to the truth of the matter asserted and, as such, denies the same.

41.    Forrest County lacks information sufficient to make a determination as to the truth of the matter asserted and, as such, denies the same.

## IV. CLAIMS ALLEGED

### COUNT I
### 42 U.S.C. § 1983 – Malicious, Sadistic Conduct
### (Against Defendant Kelby Lewis)

42. Forrest County repeats and incorporates by reference each and every defense, admission, and denial to paragraph 1-41 as if the same were specifically set out herein.

43. Forrest County states 42 U.S.C. § 1983 speaks for itself. Forrest County denies the allegations of paragraph 43, as stated.

44. Forrest County states 42 U.S.C. § 1983 speaks for itself. Forrest County denies the allegations of paragraph 44, as stated.

45. Forrest County states the Eighth Amendment to the United States Constitution speaks for itself. Forrest County denies the allegations of paragraph 45, as stated.

46. Forrest County states the Eighth Amendment to the United States Constitution and *Hope v. Pelzer*, 536 U.S. 730 (2002) speak for themselves. Forrest County denies the allegations of paragraph 46, as stated.

47. Forrest County states *Cowart v. Erwin*, 837 F.3d 444 (5th Cir. 2016) speaks for itself. Forrest County denies the remaining allegations of paragraph 47, as stated.

48. Forrest County states *Cowart v. Erwin*, 837 F.3d 444 (5th Cir. 2016) speaks for itself. Forrest County denies the allegations of paragraph 48, as stated.

49. The allegations of paragraph 49, including subparagraphs a through k, concern a defendant other than Forrest County and, as such, no response is necessary. To

the extent a response is deemed necessary, Forrest County denies the allegations of paragraph 49, including subparagraphs a through k, as stated.

50.     The allegations of paragraph 50 concern a defendant other than Forrest County and, as such, no response is necessary. To the extent a response is deemed necessary, Forrest County denies the allegations of paragraph 50, as stated.

51.     Forrest County denies the allegations of paragraph 51, as stated.

## COUNT II
### 42 U.S.C. § 1983 – Deliberate Indifference / Failure to Render Medical Care
### (Against Defendants Kelby Lewis and Omen Moore)

52.     Forrest County repeats and incorporates by reference each and every defense, admission, and denial to paragraph 1-51 as if the same were specifically set out herein.

53.     Forrest County states Plaintiff's theories of relief speak for themselves. Forrest County denies the remaining allegations of paragraph 53, as stated.

54.     Forrest County states the Eighth Amendment to the United States Constitution and *Hope v. Pelzer*, 536 U.S. 730, 122 S. Ct. 2508, 153 L. Ed. 2d 666 (2002) speak for themselves. Forrest County denies the allegations of paragraph 54, as stated.

55.     Forrest County states *Dockery v. Hall*, No. 3:13-CV-326-WHB-JCG, 2018 WL 11424799 (S.D. Miss. Feb. 14, 2018) and *Moore v. LaSalle Mgmt. Co. ,L.L.C.,* 41 F.4th 493 (5th Cir. 2022) speak for themselves. Forrest County denies the allegations of paragraph 55, as stated.

56.     The allegations of paragraph 56 concern defendants other than Forrest County and, as such, no response is necessary. To the extent a response is deemed necessary, Forrest County denies the allegations of paragraph 56, as stated.

57.     The allegations of paragraph 57 concern defendants other than Forrest County and, as such, no response is necessary. To the extent a response is deemed necessary, Forrest County denies the allegations of paragraph 57, as stated.

58.     The allegations of paragraph 58 concern defendants other than Forrest County and, as such, no response is necessary. To the extent a response is deemed necessary, Forrest County denies the allegations of paragraph 58, as stated.

59.     Forrest County denies the allegations of paragraph 59, as stated.

60.     The allegations of paragraph 60 concern defendants other than Forrest County and, as such, no response is necessary. To the extent a response is deemed necessary, Forrest County denies the allegations of paragraph 60, as stated.

61.     The allegations of paragraph 61 concern defendants other than Forrest County and, as such, no response is necessary. To the extent a response is deemed necessary, Forrest County admits its corrections officers receive multi-faceted training including training on use of force. Forrest County denies the remaining allegations of paragraph 61, as stated.

62.     The allegations of paragraph 62, including subparagraphs a through d, concern defendants other than Forrest County and, as such, no response is necessary. To the extent a response is deemed necessary, Forrest County denies the allegations of paragraph 62, including subparagraphs a through d, as stated.

63.     Forrest County denies the allegations of paragraph 63.

64.     Forrest County denies the allegations of paragraph 64, as stated.

65.     Forrest County denies the allegations of paragraph 65, as stated.

66.     Forrest County denies the allegations of paragraph 66, as stated.

67.     Forrest County denies the allegations of paragraph 67.

68.     Forrest County denies the allegations of paragraph 68.

69.     Forrest County denies the allegations of paragraph 69, as stated.

70.     Forrest County denies the allegations of paragraph 70, as stated, and affirmatively avers Plaintiff is not entitled to any relief whatsoever.

## <u>COUNT III</u>
**42 U.S.C. § 1983 – Supervisory Liability**
**(Against Defendant Omen Moore)**

71.     Forrest County repeats and incorporates by reference each and every defense, admission, and denial to paragraph 1-70 as if the same were specifically set out herein.

72.     Forrest County states 42 U.S.C. § 1983 speaks for itself. Forrest County denies the allegations of paragraph 72, as stated.

73.     Forrest County admits it employed Omen Moore during some portion of the events alleged. Forrest County denies the remaining allegations of paragraph 73, as stated.

74.     Forrest County admits it employed Omen Moore during some portion of the events alleged. Forrest County denies that Moore acted in a supervisory role over

Lewis or possessed supervisory authority as alleged and denies the remaining allegations of paragraph 74.

75.    Forrest County admits it employed Omen Moore during some portion of the events alleged. Forrest County denies that Moore acted in a supervisory role over Lewis or possessed supervisory authority as alleged and denies the remaining allegations of paragraph 75.

76.    The allegations of paragraph 76, including subparagraphs a through e, concern a defendant other than Forrest County and, as such, no response is necessary. To the extent a response is deemed necessary, Forrest County denies the allegations of paragraph 76, including subparagraphs a through e, as stated.

77.    The allegations of paragraph 77 concern a defendant other than Forrest County and, as such, no response is necessary. To the extent a response is deemed necessary, Forrest County denies the allegations of paragraph 77, as stated.

78.    The allegations of paragraph 78 concern a defendant other than Forrest County and, as such, no response is necessary. To the extent a response is deemed necessary, Forrest County denies the allegations of paragraph 78, as stated.

79.    The allegations of paragraph 79 concern a defendant other than Forrest County and, as such, no response is necessary. To the extent a response is deemed necessary, Forrest County denies the allegations of paragraph 79, as stated.

80.    The allegations of paragraph 80 concern a defendant other than Forrest County and, as such, no response is necessary. To the extent a response is deemed necessary, Forrest County denies the allegations of paragraph 80, as stated.

81.     The allegations of paragraph 81, including subparagraphs a through c, concern a defendant other than Forrest County and, as such, no response is necessary. To the extent a response is deemed necessary, Forrest County denies the allegations of paragraph 81, including subparagraphs a through c, as stated.

82.     The allegations of paragraph 82 concern a defendant other than Forrest County and, as such, no response is necessary. To the extent a response is deemed necessary, Forrest County denies the allegations of paragraph 82, as stated.

83.     The allegations of paragraph 83 concern a defendant other than Forrest County and, as such, no response is necessary. To the extent a response is deemed necessary, Forrest County denies the allegations of paragraph 83, as stated, and affirmatively avers Plaintiff is not entitled to any relief whatsoever.

## COUNT IV
### Municipal Liability pursuant to *Monell*
### (Against Defendant Forrest County)

84.     Forrest County repeats and incorporates by reference each and every defense, admission, and denial to paragraph 1-83 as if the same were specifically set out herein.

85.     Forrest County states 42 U.S.C. § 1983 speaks for itself. Forrest County denies the allegations of paragraph 85, as stated.

86.     Forrest County states *Monell v. Dep't of Soc. Servs. Of City of New York*, 436 U.S. 658 (1978) speaks for itself. Forrest County denies the allegations of paragraph 86, as stated.

87.     Forrest County denies the allegations of paragraph 87, as stated.

88.    Forrest County states *Canton, Ohio v. Harris*, 489 U.S. 378 (1989) speaks for itself. Forrest County denies the allegations of paragraph 88, as stated.

89.    Forrest County admits it maintains facilities to house pre-trial detainees and convicted prisoners. Forrest County denies the remaining allegations of paragraph 89, as stated.

90.    Forrest County denies the allegations of paragraph 90, as stated.

91.    Forrest County denies the allegations of paragraph 91, including subparagraphs a through b, as stated.

92.    Forrest County denies the allegations of paragraph 92, as stated.

93.    Forrest County denies the allegations of paragraph 93, as stated.

94.    Forrest County denies the allegations of paragraph 94.

95.    Forrest County denies the allegations of paragraph 95.

96.    Forrest County denies the allegations of paragraph 96.

97.    Forrest County denies the allegations of paragraph 97, as stated.

98.    Forrest County denies the allegations of paragraph 98.

99.    Forrest County denies the allegations of paragraph 99, as stated.

100.    Forrest County denies the allegations of paragraph 100, as stated.

101.    Forrest County denies the allegations of paragraph 101, including subparagraphs a through c, as stated.

102.    Forrest County denies the allegations of paragraph 102.

103.    Forrest County denies the allegations of paragraph 103.

104.    Forrest County states *City of Canton v. Harris*, 489 U.S. 378 (1989) speaks for itself. Forrest County denies the allegations of paragraph 104, as stated.

105.    Forrest County states *City of Canton v. Harris*, 489 U.S. 378 (1989) speaks for itself. Forrest County denies the allegations of paragraph 105, as stated.

106.    Forrest County states *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397 (1997) speaks for itself. Forrest County denies the allegations of paragraph 106, as stated.

107.    Forrest County denies the allegations of paragraph 107, as stated.

108. Forrest County denies the allegations of paragraph 108, as stated, and affirmatively avers Plaintiff is not entitled to any relief whatsoever.

## PRAYER FOR RELIEF

As for the unnumbered paragraph under the section "Prayer for Relief" which commences "WHEREFORE, Plaintiff prays for judgment…," Forrest County denies each and every allegation contained therein, including the allegations of subparagraphs A through E, as stated, and affirmatively avers Plaintiff is not entitled to any relief whatsoever.

## JURY DEMAND

The single, unnumbered paragraph under the section "Jury Demand" demands a trial by jury and, as such, no response is necessary.

## SEVENTH DEFENSE

Forrest County is protected by and invokes all the immunities granted by judicial, common law, and statutory sovereign immunity.

**EIGHTH DEFENSE**

Forrest County alleges it met or exceeded the requirements of law and due care, and that it is guilty of no acts or omissions which either caused or contributed to the incident(s) in question.

**NINTH DEFENSE**

Forrest County alleges Plaintiff's claims may be barred by, and Forrest County affirmatively pleads: accord and satisfaction, failure to mitigate, lack of standing, arbitration and award, assumption of risk, superseding and intervening cause, contributory negligence, discharge in bankruptcy, duress, failure of consideration, fraud, illegality, injury by fellow servant, license, payment, release and/or estoppel, res judicata, statute of limitations, statute of frauds, abstention, and any other matter constituting an avoidance or affirmative defense available to it.

**TENTH DEFENSE**

Plaintiff is not entitled to recover any enhanced, punitive, or exemplary damages, as provided by Miss. Code Ann. § 11-46-15, insofar as any state law claims are concerned. Additionally, Forrest County affirmatively avers Plaintiff is not entitled to recover enhanced, punitive, or exemplary damages, the same being violative of the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States and Article III, Section 14 of the Constitution of the State of Mississippi, inclusive of, but not necessarily limited to, the following separate and several grounds:

(a) The procedures may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

(b) The procedures fail to provide means for awarding separate judgments against alleged joint tortfeasors.

(c) The procedures fail to provide a limit on the amount of the award against the defendants.

(d) The procedures fail to provide specific standards for the amount of the award of punitive damages.

(e) The procedures permit award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions.

(f) The procedures permit multiple awards of punitive damages for the same alleged act.

(g) The procedures fail to provide a clear consistent appellate standard of review of an award for punitive damages.

(h) The procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

(i) The standard of conduct upon which punitive damages are sought is vague.

### ELEVENTH DEFENSE

Forrest County asserts and invokes 42 U.S.C. 1997e(a)-(h) as a defense to the extent applicable.

### TWELFTH DEFENSE

Forrest County invokes *Heck v. Humphrey*, 512 U.S. 477 (1994), as a defense to the extent it is applicable.

17

## THIRTEENTH DEFENSE

Forrest County avers that at all times material to the allegations of Plaintiff's Complaint, its employees' actions were in good faith, without malice, and within the course and scope of employment.

## FOURTEENTH DEFENSE

Plaintiff cannot establish that any alleged constitutional violation was caused by an official policy, practice, or custom of Forrest County. Plaintiff's Complaint relies upon conclusory allegations rather than specific, factually supported policy-based claims.

## FIFTEENTH DEFENSE

Plaintiff fails to identify a final policymaker whose deliberate decision or ratification caused any alleged constitutional violation. Municipal liability cannot be premised upon respondeat superior or unidentified supervisory actors.

## SIXTEENTH DEFENSE

Plaintiff cannot establish that any action or omission of Forrest County was the "moving force" behind any alleged constitutional violation.

## SEVENTEENTH DEFENSE

To the extent Plaintiff asserts claims based upon deliberate indifference, Plaintiff's allegations do not rise to the level of deliberate indifference under the Constitution. At most, Plaintiff alleges negligence, inadvertence, or imperfect governmental conduct, which is insufficient as a matter of law to establish liability under 42 U.S.C. § 1983.

## EIGHTEENTH DEFENSE

Plaintiff fails to plead or establish sufficiently numerous and similar prior incidents necessary to demonstrate a persistent, widespread custom or policy, deliberate indifference, or municipal liability under controlling Fifth Circuit precedent.

## NINETEENTH DEFENSE

To the extent any injury or damage is alleged, such injury or damage was caused by the independent, intervening, and superseding acts or omissions of third parties, thereby breaking any chain of proximate causation as to Forrest County.

## TWENTIETH DEFENSE

The damages alleged by Plaintiff, if any, were caused in whole or in part by the acts or omissions of third parties over whom Forrest County exercised no control. Accordingly, these Defendants are entitled to any apportionment, reduction, offset, or other relief permitted by law.

## TWENTY-FIRST DEFENSE

Plaintiff's claims for damages are subject to all applicable statutory and constitutional limitations. To the extent punitive damages are sought under 42 U.S.C. § 1983 against Forrest County, such damages are unavailable as a matter of law.

## TWENTY-SECOND DEFENSE

Plaintiff's alleged constitutional injuries, if any, resulted from conduct outside the scope of any official County policy and from actions taken for purely personal motives that were not intended to serve any governmental purpose.

## TWENTY-THIRD DEFENSE

Any allegations contained in Plaintiff's Complaint which are not specifically admitted herein are hereby denied.

## TWENTY-FOURTH DEFENSE

Forrest County reserves the right to add additional defenses as the same become known during the course of discovery of this cause.

And now, having fully answered the allegations of Plaintiff's Complaint against it, Forrest County requests the Complaint be dismissed, with costs assessed against Plaintiff.

**DATE:**      **July 17, 2026.**

Respectfully submitted,

**FORREST COUNTY, MISSISSIPPI**

BY:      */s/William R. Allen*
             One of Its Attorneys

WILLIAM R. ALLEN (MSB #100541)
WILLIAM D. BOYD (MSB #106220)
Butler Snow, LLP
1020 Highland Colony Pkwy
Suite 1400
Ridgeland, MS  39157
Tel.: 601-948-5711
Fax: 601-985-4500
E-mail:  will.allen@butlersnow.com
E-mail:  will.boyd@butlersnow.com

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned of Butler Snow LLP, one of the attorneys for Defendant, Forrest County, Mississippi, hereby certify that I have filed the foregoing Answer and Affirmative Defenses to Plaintiff's Complaint with the Clerk of Court via the ECF System which gave notification of the same to the following:

> L.N. Chandler Rogers, Esq.
> ROGERS LAW GROUP P.A.
> Post Office Box 1771
> New Albany, Mississippi 38652
> chandler@rogerslawgroup.com
>
> Robert F. DiCello, Esq.
> Kenneth P. Abbarno, Esq.
> Joseph T. Frate, Esq.
> Jordyn A. Parks, Esq.
> DICELLO LEVITT LLP
> 8160 Norton Parkway, Third Floor
> Mentor, Ohio 44060
> rfdicello@dicellolevitt.com
> kabbarno@dicellolevitt.com
> jfrate@dicellolevitt.com
> jparks@dicellolevitt.com
> *Attorneys for Plaintiff*

This 17th day of July 2026.

/s/*William R. Allen*
OF COUNSEL

101722259.v1

21