**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**

| | | |
|---|---|---|
| **RAJU NEAPOLLIOUN**<br><br>Plaintiff,<br><br>v.<br><br>**FORREST COUNTY, MISSISSIPPI; KELBY LEWIS; OMEN MOORE**<br><br>Defendants. | ) | CASE NO.: 2:26-cv-00081-TBM-RPM |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT FOREST COUNTY, MISSISSIPPI'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Plaintiff, by and through undersigned counsel, respectfully submits this memorandum in opposition to Defendant Forrest County, Mississippi's (Defendant "County" or "Forrest County") motion for judgment on the pleadings. (Doc No. 16). For the reasons outlined below, Defendant's motion should be denied.

**RELEVANT FACTS AND PROCEDURAL HISTORY**

This action arises from the unconscionable assault and mistreatment of an inmate at the Forrest County Adult Detention Center on or around June 13, 2023. On that day, Plaintiff Raju Neapollioun was an inmate of Forrest County. *Complaint* (Doc. No. 1), ¶ 20. While sitting at a table in general population, Defendant Omen Moore, a deputy at Forrest County instructed and encouraged Defendant Kelby Lewis, a corrections officer at Forrest County, to assault Plaintiff. *Id*. at ¶¶ 18-22. Defendant Lewis then approached Plaintiff and, with a pair of handcuffs, stuck Plaintiff in the side of the head, causing him to fall backwards, hit the back of his head on the floor, and lose consciousness. *Id*. at ¶¶ 23-27. Plaintiff remained in custody of Forrest County for several

days before receiving any medical attention after leaving Forrest County. *Id.* at ¶¶ 36-38. As a result of this attack and disregard for Plaintiff's health, Plaintiff received staples in his head and was diagnosed with a traumatic brain injury. *Id.* at ¶¶ 39-41.

This action was timely filed on June 8, 2026, against Defendant Forrest County, Defendant Kelby Lewis, and Defendant Omen Moore. Defendant Forrest County answered Plaintiff's Complaint on July 17, 2026 (Doc. No. 3). The present motion filed on August 25, 2026 (Doc. No. 16).

## LAW AND ARGUMENT

### I. Legal Standard

The standard for Rule 12(c) motions for judgment on the pleadings is identical to the standard for Rule 12(b)(6) motions to dismiss for failure to state a claim. See *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). To survive a motion for a judgment on the pleadings, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Waller v. Hanlon*, 922 F.3d 590, 599 (5th Cir. 2019) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)). This involves a two-step inquiry. First, the Court must identify the complaint's well-pleaded factual content. *Id.* at 599. Second, the Court must determine whether the remaining allegations "are sufficient to nudge the [plaintiff's] claim across the 'plausibility' threshold." *Id.* (internal citations omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "When reviewing a motion to dismiss, [the court] must accept all facts as pleaded and construe them in the light most favorable to the plaintiff." *Guerra v. Castillo*, 82 F.4th 278, 284 (5th Cir. 2023). To state a claim upon which relief can be granted, "[s]pecific facts are

not necessary; the statement need only 'give the defendant fair notice of what the. . .claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal citations omitted).

## II. PLAINTIFF PLAUSIBLY ALLEGES A CLAIM FOR MUNICIPAL LIABILITY AGAINST FORREST COUNTY

Plaintiffs allege sufficient facts to maintain their municipal liability claims against Forrest County. Municipalities may be liable where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Hicks-Fields v. Harris Cnty., Texas*, 860 F.3d 803, 808 (5th Cir. 2017) (*citing Monell v. Dept. of Soc. Servs*., 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)). To establish municipal liability under § 1983, a plaintiff "must show that (1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Id*. (*quoting Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009)). Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread that they amount to an unwritten policy or custom that practically have the force of law. *Hicks-Fields v. Harris Cnty*., Texas, 860 F.3d 803, 808 (5th Cir. 2017) (quoting *Webster v. City of Hous*., 735 F.2d 838, 841 (5th Cir. 1984)).

At the pleading stage of litigation, to plausibly allege a municipal liability claim, "only minimal factual allegations should be required." *Knighton v. Benton Cnty., Mississippi*, No. 3:22-CV-056-MPM-RP, 2023 WL 7116840, at *4 (N.D. Miss. Oct. 27, 2023) (internal citations omitted). "The plaintiff is not required to allege specific details regarding the inadequacies of the internal policies as it is very rare that the plaintiff will have access to this information prior to discovery." *Id*. The plaintiff bears the burden of pleading enough factual allegations "to raise a

reasonable expectation that discovery will reveal evidence" to support her claim. *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

**A. Plaintiff plausibly alleges an unwritten policy or custom of physical violence, ignoring medical needs, and fostering a culture of lawlessness against inmates at Forrest County.**

Plaintiff plausibly alleges that the driving force behind the unjustified use of force against him and deliberate indifference towards his serious need for medical care was the unwritten policy or custom of Forrest County, both through the persistent and widespread practices of officers, as well as through the failure to train and discipline officers who engage in this behavior. For these reasons and the reasons set forth more fully below, Forrest County's motion must be denied.

**1. Plaintiff plausibly alleges a persistent and widespread practice.**

Plaintiff alleges sufficient facts to demonstrate an unwritten policy or custom through persistent, widespread practices of officers within the Forrest County Adult Detention Center. Specifically, Plaintiff alleges:

> 90. Defendant Forrest County is aware that its officers engage in acts of physical violence against inmates which are devoid of any penological purpose in violation of the Eighth Amendment, because correctional officers, deputies and the upper command of the Sheriff's Department, including the Sheriff, talk about and/or share information about these events with each other.
>
> 91. Additionally, regarding the Forrest County Adult Detention Center, Defendant Forrest County's Board of Supervisors, as final policymakers, delegates its final policymaking authority to the Sheriff and/or the Major of Corrections and/or Captains and/or Lieutenants, including Defendant Moore, to wit:
>
> a. Their directions to their subordinates are considered official policy; and
>
> b. Their conduct and official actions are considered official policy
>
> 92. As such, Defendant Forrest County's Board of Supervisors

> allows the Sheriff and/or the Major of Corrections and/or Captains and/or Lieutenants, including Defendant Moore, to create official policy on its behalf.
>
> 93. Defendant Forrest County is further aware that its officers engage in dangerous and deliberately indifferent behavior that involves actively ignoring the medical needs of injured inmates in violation of the Eighth Amendment, because correctional officers, deputies and the upper command of the Sheriff's Department, including the Sheriff, talk about and/or share information about these events with each other.
>
> 94. Defendant Forrest County has a long-standing and unwritten policy or custom of shielding officers from consequences for this deliberately indifferent behavior, as is evident from the fact that no deputy or correctional officer on duty stopped Defendant Lewis from attacking Plaintiff, despite knowing, as Defendant Moore did, that Defendant Lewis was going to attack Plaintiff.
>
> . . .
>
> 98. At all times relevant hereto, the Defendant Forrest County, through its supervisors and policymakers, initiated, authorized, condoned, ratified, and/or encouraged the aforesaid unwritten policies or customs.

*Complaint* (Doc. No. 1), ¶¶ 90-94, 98. These alleged facts, taken as true and in the light most favorable to Plaintiff, are sufficient to survive the "minimal factual allegations" pleading standard.

Plaintiff is entitled to tailored discovery to support his allegations. Courts within the Fifth Circuit have continuously held that, upon demonstrating "any elaboration possible," that would allow targeted discovery towards specifically alleged policies, motions to dismiss are to be denied. *See Pinder v. Skero*, No. 4:16-CV-03479, 2017 WL 11612501, at *10 (S.D. Tex. Sept. 6, 2017) (denying motion to dismiss where the plaintiff's complaint stated that the officer was involved in two prior arrest incidents in which he "[d]isplayed an unreasonable show of force" and "grabbed, pushed, and drug" individuals who posed no threat to him); *Barr v. City of San Antonio*, No. CIVASA-06-CA-0261-XR, 2006 WL 2322861, at *4 (W.D. Tex. July 25, 2006) (denying motion to dismiss where plaintiff alleged, without further detail or citation, that city had been named a

defendant in four similar lawsuits); *Sanchez v. Gomez*, 283 F. Supp. 3d 524, 536-37 (W.D. Tex. 2017) (finding a sufficient pattern of excessive force against persons with mental illness when nine similar incidents were alleged and statistics suggested that the city's proportion of individuals killed by police who had visible mental health issues were double and quadruple the national average); *Oporto v. City of El Paso*, No. EP-10-CV-110, 2010 WL 3503457, at *6 (W.D. Tex. Sept. 2, 2010) (finding allegations of thirty-two prior incidents of deadly force spanning fifteen years sufficient to infer a custom or practice).

Here, as set forth above, Plaintiff alleges both that (1) officers engaged in acts of violence against inmates and (2) that Defendant Forrest County was aware of this conduct through upper command, including the Sheriff. *Complaint* (Doc. No. 1), ¶ 90. Plaintiff further alleges that Forrest County condoned this behavior in prior similar instances where inmates' rights were violated. *Id.* at ¶ 107. Plaintiff's allegations both (1) specify the custom and/or policy that Forrest County authorized and (2) allow for specific targeted discovery to further support. As such, Defendant County's motion fails.

**2. Plaintiff's well-plead Complaint alleges Forrest County's failure to train and discipline officers who engaged in physical violence and disregarded medical needs of inmates.**

Not only has Plaintiff alleged a persistent and widespread practice in order to establish an official policy or custom, but he has also sufficiently supported his municipal liability claim by alleging that the County failed to train and discipline its officers. To assert a failure-to-train claim under § 1983, a plaintiff must allege: "(1) that the municipality's training procedures were inadequate; (2) that the municipality was deliberately indifferent in adopting its training policy; and (3) that the inadequate training policy directly caused the violations in question." *Ratliff v. Aransas Cnty., Texas*, 948 F.3d 281, 285 (5th Cir. 2020).

Here, Plaintiff alleges:

> 49. . . .. Defendants used no legitimate training techniques in their application of force upon Plaintiff
>
> 103. Defendant Forrest County is also liable under Monell because its training, decision making and policymaking with respect to physical force used against inmates and responding to the medical needs of inmates is so inadequate that it shows its deliberate indifference to the constitutional rights of inmates.
>
> . . .
>
> 106. Defendant Forrest County's toleration of and failure to properly discipline corrections officers who engage in said deliberate indifference is evidence that Plaintiff's injuries are traceable to its custom of permitting deliberate indifference towards the medical care of inmates, and it is evidence that Defendant has acted with deliberate indifference in failing to supervise its officers/deputies. See, e.g., *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 404 (1997) (stating that "an act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law").
>
> 107. Defendant Forrest County's failure to adequately train its officers, including Defendants Lewis and Omen, and to not properly discipline them for their deliberate indifference and constitutional misconduct in this instance and in prior instances of inmate interactions directly and proximately caused the violation of Plaintiff's Eighth Amendment rights.
>
> 108. As a direct and proximate result of Defendants' actions, as set forth above, Plaintiff has been damaged, including but not limited to, Plaintiff sustained permanent and life-altering injuries to his body and mind. Plaintiff continues to endure pain, anguish, embarrassment, humiliation, feelings of powerlessness, harm to self-esteem, emotional distress, fear, anxiety, emotional agony, loss of sense of personal safety, dignity, and legal fees and costs.

*Complaint* (Doc. No. 1), ¶¶ 49, 103, 106-108. Forrest County's deliberate indifference towards its lack of training is further described through supervisors' knowledge of the practices of violence towards inmates. *Id.* at ¶¶ 37, 63-64, 67-69. Plaintiff's allegations are sufficient and entitled him to discovery.

**B. Plaintiff plausibly alleges that the County's official policies or customs were promulgated by a municipal policymaker and were the moving force behind his attack.**

Plaintiff alleges that the persistent and widespread policies and customs were known to the County and promulgated by policymakers, including Defendant Moore and the Sheriff. Indeed, Plaintiff's Complaint alleges that the County's custom and policy was promulgated both through the encouragement and toleration of this behavior, as well as through the direct conduct of Defendant Moore, who had been delegated final policymaking authority. See *Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161 (5th Cir. 2010) (standing for the proposition that a plaintiff may prove the existence of a custom or policy, as would support imposition of municipal liability in a § 1983 action, by showing a pattern of unconstitutional conduct on the part of municipal actors or employees where such actors were not policymakers, or by showing that a final policymaker took a single unconstitutional action).

First, Plaintiff sufficiently alleges that Defendants Lewis and Moore's conduct was pursuant to and/or allowed through an unwritten policy or custom of the County. Specifically, Plaintiff alleges that this policy was (1) known and shared throughout the department (*Complaint* (Doc. 1), ¶¶ 37, 68-69, 90), (2) implemented by Forrest County and/or the Forrest County Sheriff's Department (*id.* at ¶ 67), and (3) reinforced through the acquiescence of unconstitutional conduct

(*id*. at ¶ 98-100)[1].

Second, Plaintiff alleges that Defendant Moore's direct conduct surrounding the incident constituted official policy because policymaking authority was delegated to him. "A city's governing body may delegate policymaking authority (1) by express statement or formal action or (2) 'it may, by its conduct or practice, encourage or acknowledge the agent in a policymaking role.'" *Zarnow v. City of Wichita Falls, Tex*., 614 F.3d 161, 167 (5th Cir. 2010) (internal citations omitted). Plaintiff alleges:

> 90. Defendant Forrest County is aware that its officers engage in acts of physical violence against inmates which are devoid of any penological purpose in violation of the Eighth Amendment, because correctional officers, deputies and the upper command of the Sheriff's Department, including the Sheriff, talk about and/or share information about these events with each other.
>
> 91. Additionally, regarding the Forrest County Adult Detention Center, Defendant Forrest County's Board of Supervisors, as final policymakers, delegates its final policymaking authority to the Sheriff and/or the Major of Corrections and/or Captains and/or Lieutenants, including Defendant Moore, to wit:
>
> a. Their directions to their subordinates are considered official policy; and
>
> b. Their conduct and official actions are considered official policy
>
> 92. As such, Defendant Forrest County's Board of Supervisors allows the Sheriff and/or the Major of Corrections and/or Captains and/or Lieutenants, including Defendant Moore, to create official policy on its behalf.

*Complaint* (Doc. 1), ¶¶ 90-92. As such, Defendant Moore's deliberate indifference and

---

[1] See *Groden v. City of Dallas, Texas*, 826 F.3d 280, 282 (5th Cir. 2016) ("for purposes of Rule 12(b)(6), we hold that a plaintiff is not required to single out the specific policymaker in his complaint; instead, a plaintiff need only plead facts that show that the defendant or defendants acted pursuant to a specific official policy, which was promulgated or ratified by the legally authorized policymaker.").

abandonment of his duties constituted official policy for Forrest County. *Id.* at ¶¶ 78-79, 98-100. Taking Plaintiff's allegations as true and in the light most favorable to Plaintiff, dismissal of the *Monell* claim against Defendant Forrest County is improper.

### C. Plaintiff plausibly alleges that the County's official policies or customs were the moving force behind Plaintiff's injuries.

Plaintiff's Complaint plausibly alleges that Forrest County's policy and custom was the moving force behind the attack on him and resulting injuries. To plausibly allege causation at the pleading stage, a plaintiff must plead facts supporting a direct causal link between the municipal policy or custom and the constitutional deprivation — meaning the policy was the "moving force" behind the injury. *St. Maron Props., L.L.C. v. City of Houston*, 78 F.4th 754 (5th Cir. 2023); *Merriott v. City of Bossier City*, 179 F.4th 393 (5th Cir. 2026). This standard requires more than a mere "but for" coupling between cause and effect; a bare temporal or incidental connection between the policy and the injury is insufficient. *Fraire v. City of Arlington*, 957 F.2d 1268, 1281 (5th Cir. 1992)).

Here, Plaintiff's Complaint is sufficient because it specifically describes how Forrest County's custom and policy caused his injuries by promoting a culture of lawlessness and by emboldening Defendants Lewis and Moore to act in the manner that they did, knowing that their conduct was acceptable. See *Sanchez v. Gomez*, 283 F. Supp. 3d 524 (W.D. Tex. 2017) (proving causation by alleging that officers felt emboldened and unafraid of consequences for using unconstitutional tactics). Plaintiff alleges:

> 95. Following the injuries to Plaintiff, Defendant Forrest County continued to approve, ratify, encourage, sanction, and/or promote the policy or custom of physical violence towards inmates, actively ignoring the medical needs of injured inmates, and fostering a culture of lawlessness as they have not changed any of the training at the Forrest County Adult Detention Center.
> . . .

> 101. These policies were the moving force behind the constitutional violation(s) that befell Plaintiff, to wit:
>
> a. The policies allowed and/or facilitated Defendant Lewis' attack on Plaintiff;
>
> b. The policies made acceptable and allowed Defendants Lewis and Moore to ignore and disregard the medical needs of Plaintiff; and
>
> c. The policies created a culture of lawlessness, rule-breaking, and disrespect for the constitution, allowing and/or promoting the conduct towards Plaintiff as stated herein.

*Complaint* (Doc. 1), ¶¶ 95, 101. Plaintiff does not merely allege causation in a conclusory way. Instead, Plaintiff specifically describes how the County's custom and policy emboldened Defendants Lewis and Moore into the conduct that led to Plaintiff's injuries. As such, Plaintiff has sufficiently pled "moving force" causation. Defendant's motion fails.

## III. ASSUMING *ARGUENDO* THAT PLAINTIFF'S MUNICIPAL LIABILITY CLAIM IS INSUFFICIENTLY PLED (IT IS NOT), LEAVE TO AMEND SHOULD BE GRANTED.

For the reasons specifically described above, dismissal is improper. However, assuming *arguendo* that this Court granted Forrest County's motion, leave to amend should be allowed. Generally, leave to amend should be granted "unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." *Hart v. Bayer Corp.*, 199 F.3d 239, 248 (5th Cir. 2000). Here, if it is determined that Plaintiff's municipal liability claim is deficient (which, for the reasons described above, it is not), Plaintiff should be allowed the opportunity to amend to cure any defects found by the Court.

## CONCLUSION

For the foregoing reasons, Defendant Forrest County's motion should be denied in its entirety. In the alternative, the Court should permit Plaintiff leave to amend the Complaint.

Respectfully submitted,

*/s/ Joseph T. Frate*
Joseph T. Frate*
Jordyn A. Parks*
**DICELLO LEVITT LLP**
8160 Norton Parkway, Third Floor
Mentor, Ohio 44060
Tel.: 440-953-8888
jfrate@dicellolevitt.com
jparks@dicellolevitt.com

Chandler Rogers (MS Bar No. 102543)
**ROGERS LAW GROUP P.A.**
Post Office Box 1771
201 East Bankhead Street
New Albany, Mississippi 38652
(662) 538-5990
chandler@rogersgroup.com

***Counsel for Plaintiff***

**Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 22, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will provide copies to the Court's designated recipients.

Respectfully submitted,

*/s/ Joseph T. Frate*

Joseph T. Frate
**DICELLO LEVITT LLP**

***Counsel for Plaintiff***